UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETR K. BESSMERTNYY,<br><br>                      Petitioner,<br><br>v.<br><br>JUDDSON M. KIRK, et al.,<br><br>                      Respondents. | Case No.: 3:21-cv-779-L-KSC<br><br>**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF 1)** |

Pending before the Court is Petitioner Petr K. Bessmertnyy's ("Petitioner") petition for writ of habeas corpus ("Petition") under 28 U.S.C. section 2241. Respondents filed an opposition, and Petitioner replied. (ECFs 7-9). The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **DENIES** the petition.

**BACKGROUND**

The Court incorporates the facts and procedural history set out in the United States Air Force Court of Criminal Appeals ("AFCCA") opinion. (Petition at 32-33). Briefly reiterated, "a general court-martial composed of officer members convicted [Petitioner] of two specifications of indecent recording on [several] occasions, and one specification of distribution of an indecent recording on [several] occasions, in violation of Article 120c, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 920c. (*Id.* at 30-31).

"The three offenses involve [Petitioner's] recording and distributing images of his former girlfriend, KG, and recording images of a female friend and co-worker, Airman

HM. [Petitioner] was sentenced to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged." (*Id*. at 31).

The AFCCA, in a sixty-one-page opinion, found the "approved findings and sentence [were] correct in law and fact, and no error materially prejudicial to the substantial rights of [Petitioner] occurred." (*Id*. at 90). Therefore, the AFCCA affirmed the findings and sentence. *Id*. The United States Court of Appeals for the Armed Forces ("CAAF") denied review. (*Id*. a 93). Petitioner thereafter filed a petition for writ of habeas corpus in this Court.

**STANDARD OF REVIEW**

Federal district courts have jurisdiction to review habeas corpus petitions that challenge military convictions. 28 U.S.C. § 2241; *Burns v. Wilson*, 346 U.S. 137, 139 (1953). But their jurisdiction is limited. *Burns*, 346 U.S. at 139 (the "scope of matters open for review [in military habeas corpus cases] has always been more narrow than in civil cases.") The review is limited to whether petitioners received full and fair review of their claims. *Burns*, 346 U.S. at 142, 144 (collateral review of military convictions is "limited" to whether the military courts "fully and fairly" considered the issues raised in the habeas petition).

If there was full and fair consideration, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence" and conduct *de novo* review of the claims. *Burns*, 346 U.S. at 142; *id*. at 143-145 (courts should not "re-examine and reweigh each item of evidence"; "it is not the duty of the civil courts simply to repeat [the] process" of direct appellate review.); *see, e.g., Mitchell v. Swope*, 224 F.2d 365, 366-67 (9th Cir. 1955) (affirming denial of petition where petitioner's right to counsel claims had been "fully and carefully examined."); *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962) ("once it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence."); *Daigle v. Warner*, 490 F.2d 358, 366

(9th Cir. 1973) (proceedings on remand would be "subject to limited judicial review in habeas proceedings under the 'fully and fairly' test."); *Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972) ("the military courts gave 'full and fair consideration' to [Petitioner's] claim . . . Hence [Petitioner] is not entitled to the writ.")

**DISCUSSION**

Petitioner raises five constitutional claims in the Petition. The Court will address each one.

*Claim 1: Violation of the Ex Post Facto Clause*

Petitioner's first claim is that his conviction under Article 120c(a)(3) for distribution of indecent recordings violates the *Ex Post Facto* clause, which "forbids . . . the punishment for acts not punishable at the time the offense was committed." *Aponte v. Gomez*, 993 F.2d 705, 708 (9th Cir. 1993); *United States v. Johns*, 5 F.3d 1267, 1270 (9th Cir. 1993).

As an initial matter, the record does not reflect Petitioner raised this argument before the AFCCA. The opinion does not cite or mention the *Ex Post Facto* clause. Petitioner also did not submit any briefs or transcripts from the proceedings. (*See* Petition). And Petitioner does not claim he raised this issue before the AFCCA, only when he sought review at CAAF. (*See* Reply). Petitioner thus waived this constitutional issue. *See Davis v. Marsh*, 876 F.2d 1446, 1448 (9th Cir. 1989) (a habeas petitioner waives claims not raised in the military courts "absent a showing of cause and prejudice."); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Muhammad v. Sec'y of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985).

Instead, the argument Petitioner raised on appeal was that the prosecution failed to prove all the elements required under Article 120c(a)(3). This argument raised a statutory construction issue regarding Article 120c(a) UCMJ. (*See* Petition at 42).

Article 120c(a), establishes three offenses of indecent viewing, recording, and distributing:

> Any person subject to this chapter who, without legal justification or lawful authorization—
> (1) knowingly and wrongfully views the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy;
> (2) knowingly photographs, videotapes, films, or records by any means the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy; or
> (3) knowingly broadcasts or distributes any such recording that the person knew or reasonably should have known was made ***under the circumstances proscribed in paragraphs (1) and (2)***;
> is guilty of an offense under this section and shall be punished as a court-martial may direct.

10 U.S.C. § 920c(a) (emphasis added).

Based on the emphasized language, Petitioner argued he could not be convicted under subsection (3) unless the prosecution also proved he violated subsections (1) and (2). Petitioner therefore contended his conviction under subsection (3) could not stand because he had permission to view the victim (there is no dispute here as to the indecent recording or actual distribution aspect).

The AFCCA opinion addressed this argument in a statutory construction section. The AFCCA determined the language under subsection (3) referred to the last portions of subsections (1) and (2), the "without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy," language. That is, it determined there was no requirement to prove Petitioner violated subsection (1) to convict him under subsection (3). The members instructions were based on the elements from the statute. Petitioner does not argue the AFCCA applied the wrong standard or erred in its application.

*Claim 2: Article 120c(a)(3) is Unconstitutionally Vague*

Petitioner next contends he did not have fair notice of the conduct outlawed under subsection (3), an argument based on the above claim.[1] However, Petitioner did not raise this constitutional issue to the AFCCA. He thus waived it. *Davis*, 876 F.2d at 1448.

*Claim 3: Ineffective Assistance of Counsel (Failure to Move to Suppress Evidence Obtained in Violation of the Fourth Amendment)*

Petitioner argues trial counsel was ineffective for failing to challenge the search and seizure of his electronic devices.

The AFCCA considered sixteen allegations of error regarding Petitioner's trial counsel. (Petition at 76). The AFCCA applied the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and it reviewed declarations from Petitioner's trial counsel. (*Id*. at 76-77).[2] The AFCCA found the declarations refuted Petitioner's claims and determined a hearing to revolve any factual disputes was not required. Ultimately, the AFCCA held Petitioner failed to show there was a reasonable probability that a motion to exclude evidence would have been meritorious. *Styers v. Schriro*, 547 F.3d 1026, 1036 (9th Cir. 2008) ("a defendant claiming ineffective assistance of counsel for failure to file a particular motion must not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome in the entire case.") It is not now the duty of this Court to "reexamine and reweigh" the same evidence. *Burns*, 346 U.S. at 144.

The record shows the AFCCA gave full and fair consideration to the issues raised under this claim.

---

[1] Again, Petitioner raised the void for vagueness claim as an issue of statutory construction before the AFCCA. The AFCCA addressed that claim and applied the standard used to interpret statutes. (*See* Petition at 44).
[2] The declarations are not part of the record.

*Claim 4: Constitutionally Deficient Article 66, UCMJ Review*

Petitioner argues the AFCCA's denial of his Fourth Amendment claims in a footnote does not constitute a "full and fair review." The Court disagrees. The single paragraph from the Petition devoted to this claim cites the failure of trial counsel to move to suppress evidence. (Petition at 24). The opinion shows the AFCCA considered the claims, reviewed declarations from counsel, and applied the correct legal standards. Although Petitioner asserts the AFCCA's short analysis was insufficient based on the "extensive briefing," he failed to submit any briefs or other records from the proceedings. Regardless, the record shows the AFCCA gave full and fair consideration to the issues raised under this claim.

*Claim 5: Ineffective Assistance of Counsel (Failure to Inform Petitioner About the Naturalization Consequences of a Particular Sentence or Argue About Those Consequences at Sentencing)*

Petitioner argues trial counsel was ineffective for not informing him about the possible consequences to his United States naturalization status upon conviction and for not raising those consequences at sentencing. The AFCCA addressed these issues. It concluded trial counsel were not ineffective for failing to pursue an alternative strategy. (Petition at 82) ("trial defense counsel provided a sound tactical explanation for their advice to [Petitioner] about his unsworn statement, their actions in preparing and presenting the defense sentencing case were reasonable, and their level of advocacy was within the performance ordinarily expected of fallible lawyers.")

///
///
///
///
///
///
///
///

The AFCCA also determined there was "no reasonable probability that presenting this information to the members would have produced a different, more favorable result for" Petitioner. (Petition at 84). Petitioner does not argue the AFCCA applied the wrong legal standard to these allegations.

Overall, the record shows the AFCCA gave full and fair consideration to the issues raised under this claim. (*See* Petition at 80-85).

**CONCLUSION**

For the reasons stated above, the Court **DENIES** the Petition.

**IT IS SO ORDERED**.

Dated: January 27, 2022

Hon. M. James Lorenz
United States District Judge